Damion D. D. Robinson, SBN 262573
8430 Santa Monica Blvd., Suite 200
West Hollywood, California 90069
Telephone: (424) 278-2335
Email: damion.robinson@diamondmccarthy.com

Allan B. Diamond, Esq. (admitted *pro hac vice*)
Christopher D. Johnson, Esq. (admitted *pro hac vice*)
Justin Strother (admitted *pro hac vice*)
**DIAMOND McCARTHY LLP**
2200 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 333-5100
Fax: (713) 333-5199
Email: adiamond@diamondmccarthy.com
        chris.johnson@diamondmccarthy.com
        justin.strother@diamondmccarthy.com

*Attorneys for Archdiocese of San Francisco*
*Capital Assets Support Corporation*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO,<br><br>        Debtor. | Case No. 23-30564<br><br>Chapter 11 |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>        Plaintiff,<br><br>vs.<br><br>THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, *et al.*,<br><br>        Defendants. | Adv. Proc. No. 25-03021<br><br>**NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

**Part I:  Identify the appellant(s)**

    1.       Name(s) of appellant(s):  <u>Archdiocese of San Francisco Parish, School and Cemetery Juridic Persons Capital Assets Support Corporation</u>

    2.       Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| **For appeals in an adversary proceeding** | **For appeals in a bankruptcy case** |
|---|---|
| __ Plaintiff | __ Debtor |
| __ Defendant | __ Creditor |
| __ Other (describe) _____ | __ Trustee |
| | <u>X</u> Other (describe) <u>Parties in Interest</u> |

**Part II:  Identify the subject of this appeal**

    1.       Describe the judgment – or the appealable order or decree – from which the appeal is taken:  <u>Order Denying Motion to Intervene [Docket No. 179]</u> (the "**Intervention Order**").  A true and correct copy of the publicly available order is attached hereto as **Exhibit A.**

    2.       State the date in which the judgment – or the appealable order or decree – was entered: <u>March 4, 2026</u>

**Part III:  Identify the other parties to the appeal**

List the names of all parties to the judgment – or appealable order or decree – from which the appeal is taken and the names, address, and telephone numbers of their attorneys:

- 1 -

| Party | Attorneys |
|---|---|
| The Archdiocese of San Francisco Parish, School and Cemetery Juridic Persons Capital Assets Support Corporation | DIAMOND MCCARTHY, LLP<br><br>Damion D. D. Robinson<br>8430 Santa Monica Blvd., Suite 200<br>West Hollywood, California 90069<br>Telephone:  (424) 278-2335<br>Email: damion.robinson@diamondmccarthy.com<br><br>Allan B. Diamond (admitted *pro hac vice*)<br>Christopher D. Johnson (admitted *pro hac vice*)<br>Justin Strother (admitted *pro hac vice*)<br>2200 Post Oak Boulevard, Suite 1000<br>Houston, TX  77056-4716<br>Telephone: (713) 333-5100<br>Facsimile: (713) 333-5199<br>Email:  allan.diamond@diamondmccarthy.com<br>        chris.johnson@diamondmccarthy.com<br>        justin.strother@diamondmccarthy.com |
| The Official Committee of Unsecured Creditors | PACHULSKI STANG ZIEHL & JONES LLP<br><br>James I. Stang<br>Brittany M. Michael<br>Gail Greenwood<br>Gillian N. Brown<br>One Sansome Street, 34th Fl., Ste. 3430<br>San Francisco, CA  94104-4436<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jstang@pszjlaw.com<br>        bmichael@pszjlaw.com<br>        ggreenwood@pszjlaw.com<br>        gbrown@pszjlaw.com |

**Part IV:  Optional election to have appeal heard by District Court**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard

- 2 -
NOTICE OF APPEAL AND STATEMENT OF ELECTION

by the United Sates District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal

 X  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part V:  Sign below**

Dated:  March 6, 2026

DIAMOND MCCARTHY LLP


*/s/   Allan B. Diamond*
Damion D.D. Robinson
8430 Santa Monica Blvd., Suite 200
West Hollywood, California 90069
Telephone:  424-278-2335
damion.robinson@diamondmccarthy.com

Allan B. Diamond (admitted *pro hac vice*)
Christopher D. Johnson (admitted *pro hac vice*)
Justin Strother (admitted *pro hac vice*)
2200 Post Oak Blvd., Suite 1000
Houston, TX 77056
Telephone: 713-333-5100
Facsimile:  713-333-5199
adiamond@diamondmccarthy.com
chris.johnson@diamondmccarthy.com
justin.strother@diamondmccarthy.com


*Attorneys for Archdiocese of San Francisco*
*Capital Assets Support Corporation*

- 3 -
NOTICE OF APPEAL AND STATEMENT OF ELECTION

**PROOF OF SERVICE**

STATE OF TEXAS, COUNTY OF HARRIS

I am employed in the County of Harris, State of Texas. I am over the age of 18 and not a party to the within action; my business address is: 2200 Post Oak Blvd., Suite 1000, Houston, TX 77056.

On March 17, 2026, I served the foregoing document(s) described as:

**NOTICE OF APPEAL AND STATEMENT OF ELECTION**

on interested parties in this action, at the following address(es):

*SEE ATTACHED SERVICE LIST*

☒ **BY EMAIL:** I served a copy of the foregoing on the interested parties via email to their addresses for electronic service as specified in the Service List, or through an electronic service platform.

☐ **BY MAIL:** I enclosed ☐ originals / ☐ true copies of the same in sealed envelopes addressed as specified in the Service List.

  ☐ I deposited the sealed envelope for collection with the United States Postal Service, with the postage thereon fully prepaid.

  ☐ I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage thereon fully prepaid.

☐ **BY OVERNIGHT:** I enclosed the foregoing in an envelope or package provided by an overnight delivery carrier and addressed to the persons stated in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

Executed on March 17, 2026 at Houston, Texas.

 Catherine Burrow                              /s/ Catherine Burrow
[Print Name of Person Executing Proof]        [Signature]

- 4 -
NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Registered Electronic Participants**

Peter C. Califano on behalf of Defendant Vallombrosa Retreat Center
pcalifano@nvlawllp.com

Robert M Charles, Jr on behalf of Defendant All Hallows Chapel
Robert.Charles@wbd-us.com

Daniel Lloyd Egan on behalf of Defendant Holy Cross Catholic Cemeteries
degan@wilkefleury.com

Gail S. Greenwood on behalf of Plaintiff The Official Committee Of Unsecured Creditors
ggreenwood@pszjlaw.com, rrosales@pszjlaw.com

Ori Katz on behalf of Defendant The Roman Catholic Archbishop of San Francisco
okatz@sheppardmullin.com, LSegura@sheppardmullin.com

Jeannie Kim on behalf of Defendant The Roman Catholic Archbishop of San Francisco
jekim@sheppardmullin.com, dgatmen@sheppardmullin.com

Brittany Mitchell Michael on behalf of Plaintiff The Official Committee Of Unsecured Creditors
bmichael@pszjlaw.com

Paul J. Pascuzzi on behalf of Defendant The Roman Catholic Archbishop of San Francisco
ppascuzzi@ffwplaw.com, docket@ffwplaw.com

Kathleen Mary Derrig Rios on behalf of Defendant All Hallows Chapel
Katie.Rios@wbd-us.com

Julie H. Rome-Banks on behalf of Defendant Archbishop Riordan High School
julie@bindermalter.com

James I. Stang on behalf of Plaintiff The Official Committee Of Unsecured Creditors
jstang@pszjlaw.com

Jason D. Strabo on behalf of Defendant Sacred Heart Cathedral Preparatory
jstrabo@mwe.com, dnorthrop@mwe.com

- 5 -
NOTICE OF APPEAL AND STATEMENT OF ELECTION

# EXHIBIT A

Entered on Docket
March 4, 2026
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: March 4, 2026**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 23-30564-DM |
| THE ROMAN CATHOLIC ARCHBISHOP | ) |
| OF SAN FRANCISCO, | ) Chapter 11 |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |
| THE OFFICIAL COMMITTEE OF | ) Adversary Proceeding |
| UNSECURED CREDITORS, | ) No. 25-03021-DM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Hearing Held: |
| THE ROMAN CATHOLIC ARCHBISHOP | ) Date:  January 15, 2026 |
| OF SAN FRANCISCO; ET AL., | ) Time:  1:30 PM |
| | ) Via Zoom |
| Defendants. | ) |
| | ) |

**ORDER DENYING MOTION TO INTERVENE**

**I.    INTRODUCTION**

On January 15, 2026, the court held a hearing on the Archdiocese of San Francisco Capital Assets Support Corporation's ("CASC") Motion to Intervene ("Motion") (Dkt. 111).  Upon due consideration, the court DENIES the Motion.

-1-

**II.    MANDATORY INTERVENTION**

CASC seeks to intervene in this proceeding as of right.  A court must permit a party to intervene if that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2) (applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7024).  The Ninth Circuit's test for whether the requirements of intervention as of right have been met mirror the Rule almost exactly:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006) (citations omitted). "Failure to satisfy any one of the requirements is fatal to the application." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

> **A.  CASC Does Not Have a Significantly Protectable Interest, and Disposition of This Matter Will Not Impair Its Ability to Protect That Interest.**

The court analyzes the second and third requirements of mandatory intervention together.  CASC's core function, per its

-2

Motion, "is to hold and administer funds, including endowments and donor restricted funds, that have been entrusted to it by parishes and related entities."  In brief, CASC is a depository of donations that have been made to specific parishes and other church-related entities within the Archdiocese of San Francisco. CASC acknowledges that it is the holder of funds (and the tracker of any restrictions on those funds), it does not treat funds as its own property and remains beholden to each depositor for those funds.

CASC's Articles of Incorporation state unequivocally that it is meant to operate "exclusively to support, benefit, and carry out the purposes (within the meaning of IRC Section 509(a)(3)(B)(ii)) of the Roman Catholic Archbishop of San Francisco, A Corporation Sole, and specifically for the purpose of advancing the mission of those Parish and School Juridic Persons" (Dkt. 114-1) that are governed by the Debtor.

In short, CASC has no independent interest in those funds that CASC would need to defend in this case.  If the OCC had filed a complaint against CASC seeking to determine whether the various separate accounts it maintains on behalf of its depositors are property of the estate, CASC would almost certainly and rightfully move to dismiss.  While CASC argues that because it holds legal title to funds, including loan funds and long-term investment pools, it is an essential party regarding the characterization of the assets that it holds, that argument is not persuasive.  This adversary proceeding is to determine whether certain parishes, schools, and other entities are part of the Debtor's bankruptcy estate.  Whether funds held

-3-

by CASC are restricted in such a way that they could not be accessed by creditors of Debtor's estate even if the OCC were to prevail on its claim is a question not reached by this adversary proceeding.  CASC's interest in holding and administering funds is not implicated in this litigation.

> **B.  Any Other Interest CASC May Have in This Proceeding Is Adequately Represented By the Defendants.**

"Where the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Id.* at 950-51 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003)).

CASC's Motion makes clear that it believes that the parishes, schools, and other entities for which it holds funds are separate from the Debtor.  CASC's ultimate objective is to defeat the OCC's Complaint, which is the objective of every other Defendant in this adversary proceeding.  This is not a complicated matter in which there could be some third outcome for which only CASC can envision and pursue.

Just as telling, by CASC's own terms in how it defines its role above, its interests are the Debtor's and its depositors' interests.  Debtor and its depositors (i.e., the parishes, etc.) are already defendants in this adversary proceeding. Intervention is not necessary here because the defendant parishes and other entities are already present and able to represent their interests.

-4-

**C.   The Motion Is Timely.**

When deciding whether a motion to intervene is timely, courts focus on three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022) (quoting *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 854 (9th Cir. 2016)).

The Motion to Intervene was filed when the OCC's Motion for Partial Summary Judgment on Affirmative Defenses Based on Canon Law (Dkt. 108) was pending.  A Motion for Partial Summary Judgment Regarding the Division Defendants' Alleged Separate Legal Existence (Dkt. 160) is currently pending.  There have not been substantive decisions made in this case that would result in the type of delay that would weigh against a finding of timeliness. *Id.* (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997).  It appears the only prejudice to the OCC would be to make resolution of this matter more difficult, which "is a poor reason to deny intervention." *Haaland*, 22 F.4th at 839.

CASC provides no reason why it waited seven months after this adversary proceeding was initiated to seek intervention and instead focuses on why the length of delay is not material as the adversary proceeding is still early in discovery.  This weighs in favor of untimeliness, but the court will defer to the general rule that timeliness generally weighs in favor of the intervenor to determine that the Motion was indeed timely.

**III. CONCLUSION**

The Motion does not meet three out of the four requirements for mandatory intervention, when the failure to meet even one of the requirements would be fatal.  Accordingly, the Motion is HEREBY DENIED.

**\*\*END OF ORDER\*\***