Damion D. D. Robinson, SBN 262573
DIAMOND McCARTHY LLP
8430 Santa Monica Blvd., Suite 200
West Hollywood, California 90069
Tel: (424) 278-2335
Email: damion.robinson@diamondmccarthy.com

Allan B. Diamond, Esq. (admitted pro hac vice)
Christopher D. Johnson, Esq. (admitted pro hac vice)
Justin Strother (admitted pro hac vice)
DIAMOND McCARTHY LLP
2200 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 333-5100
Fax: (713) 333-5199
Email: adiamond@diamondmccarthy.com
chris.johnson@diamondmccarthy.com
justin.strother@diamondmccarthy.com

Attorneys for Appellant
Archdiocese of San Francisco
Capital Assets Support Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>The Roman Catholic Archbishop of San Francisco,<br><br>Debtor. | Case No. 26-cv-02867-RFL<br><br>Bankr. Case No. 23-30564 (DM)<br>Adv No. 25-ap-03021 (DM)<br>Chapter 11 |
| The Archdiocese of San Francisco Parish, School and Cemetery Juridic Persons Capital Assets Support Corporation,<br><br>Appellant,<br><br>v.<br><br>The Official Committee of Unsecured Creditors of The Roman Catholic Archbishop of San Francisco,<br><br>Appellee. | **STIPULATION AND PROPOSED ORDER FURTHER EXTENDING DEADLINES REGARDING APPEAL** |

Appellant, the Archdiocese of San Francisco Parish, School and Cemetery Juridic Persons Capital Assets Support Corporation ("CASC"), and Appellee, the Official Committee of Unsecured Creditors appointed in the above-captioned chapter 11 bankruptcy case (the "Committee") (CASC and the Committee collectively, the "Parties"), enter into this *Stipulation and Proposed Order Extending Deadlines Regarding Appeal* (the "Stipulation") and stipulate and agree as follows:

**RECITALS**

WHEREAS, on May 6, 2025, the Committee commenced adversary proceeding case number 25-ap-03021 by filing a complaint for declaratory relief, naming the Debtor and certain affiliated parishes, schools, cemeteries, and other entities as defendants;

WHEREAS, on December 15, 2025, CASC filed a *Motion to Intervene and Memorandum of Law* [Adv. Pro. Docket Nos. 111-12] ("Intervention Motion") requesting intervention in the adversary proceeding pursuant to Fed. R. Civil Proc. 24(a)(2) and made applicable by Fed. R. Bankruptcy Procedure 7024. On January 2, 2026, the Committee filed an *Objection* to the Intervention Motion [Adv. Pro. Docket Nos. 133-34], and on January 8, 2026, CASC filed a *Reply* to the Intervention Motion [Adv. Pro. Docket No. 139];

WHEREAS, on January 15, 2026, the Bankruptcy Court held a hearing on the Intervention Motion and heard arguments by counsel for CASC and the Committee and thereafter took the matter under submission;

WHEREAS on March 4, 2026, the Court entered its *Order Denying Motion to Intervene* [Adv. Pro. Docket No. 179] ("Order") for the reasons stated therein;

WHEREAS, on March 17, 2026, CASC filed a *Notice of Appeal and Statement of Election* [Adv. Pro. Docket No. 185] to appeal the Order to this Court. On March 30, 2026, CASC filed a *Statement of Issues and Designation of Record* [Adv. Pro. Docket No. 188], and on April 9, 2026, the Committee filed a *Counter-Designation of Record and Statement of the Issue* [Adv. Pro. Docket no. 193];

WHEREAS, on April 17, 2026, the Bankruptcy Court filed a *Transmittal of Record on Appeal to District Court* [Adv. Pro. Docket No. 198], which was subsequently amended and certified on April 22, 2026 [Adv. Pro. Docket Nos. 199-200];

WHEREAS, this Court issued a briefing schedule [Docket No. 2] ("Scheduling Order"), describing certain Case Management Events and Deadlines, including deadlines for the filing of principal briefs, response briefs, and reply briefs by CASC and the Committee;

WHEREAS, on April 30, 2026, the Parties filed a Stipulation and Proposed Order Extending Deadlines Regarding Appeal [Docket No. 8] (the "First Stipulation"), by which the Parties requested an extension of the deadline for CASC to file its principal brief in order to permit the Parties to discuss a global settlement;

WHEREAS, that same day, the Court entered an Order granting the First Stipulation [Docket No. 10] (the "First Extension Order"), extending the last day for CASC to file its principal brief to September 21, 2026, permitting CASC to file its principal brief earlier upon 2-days written notice to the Committee, and providing that, because there is no cross-appeal, all following briefs are due pursuant to Fed. R. Bankr. P. 8018(a);

WHEREAS, the Parties have since reached an agreement to resolve the disputes underlying this appeal, which agreement is to be implemented through, and is contingent upon, confirmation of a chapter 11 plan in the Debtor's bankruptcy case;

WHEREAS, the Parties anticipate that confirmation of such a plan will resolve this appeal and obviate the need for briefing;

WHEREAS, the Parties wish to avoid the expense of briefing an appeal that they expect will be resolved, and accordingly wish to further extend the last day for CASC to file its principal brief;

WHEREAS, the modification requested herein is the second modification of dates or deadlines in this case; the Court granted the first such modification by the First Extension Order; and the Court has not stated that no further extensions would be granted;

NOW THEREFORE, pursuant to Civil Local Rules 6-2 and 7-12, the Parties, by and through their undersigned counsel, hereby stipulate and agree:

1. The Scheduling Order, as modified by the First Extension Order, is further amended to extend the last day for CASC to file its principal brief by 120 days, from September 21, 2026 until **January 19, 2027**.

2. Because there is no cross-appeal, all following briefs shall be due pursuant to Fed. R. Bankr. P. 8018(a).

3. Nothing herein shall prevent CASC from filing its principal brief earlier than the extended deadline provided that CASC gives 2-days written notice to Committee counsel in advance thereof.

4. This Stipulation is supported by the concurrently filed Declaration of Justin Strother pursuant to Civil Local Rule 6-2(a).

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

Dated: September 3, 2026 DIAMOND McCARTHY LLP

By *\/s/ Justin Strother*
Christopher D. Johnson
Justin Strother

Attorneys for CASC

Dated: September 3, 2026 PACHULSKI STANG ZIEHL & JONES LLP

By */s/ Gail S. Greenwood*
James I. Stang
Brittany M. Michael
Gail S. Greenwood

Attorneys for The Official Committee of Unsecured Creditors

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _______________, 2026

By ______________________________

Hon. Rita F. Lin
United States District Judge